UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:                                              :    Chapter 11
                                                    :
CANAL ASPHALT, INC.,                                :    Case No. 7:15-bk-23094 (RDD)
                                                    :
                    Debtor.                         :
---------------------------------------------------------------X

## ORDER AUTHORIZING SALE OF ASSETS UNDER
## 11 U.S.C § 363(b) AND (f)
## FREE AND CLEAR OF ALL LIENS, CLAIMS
## AND ENCUMBRANCES AND GRANTING RELATED RELIEF

**UPON** the motion, dated August 4, 2015 [ECF No. 21] (the "Sale Motion"), of Canal Asphalt, Inc., the debtor and debtor in possession herein (the "Debtor"), by and through its proposed counsel, Goetz Fitzpatrick LLP, for entry of an order, pursuant to sections 363(b) and (f) and 365 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (i) authorizing and approving the sale of the Debtor's asphalt plant located at 800 Canal Street, Mount Vernon, New York [Section 169.49; Block 4099; Lot 12] and certain property and other assets related thereto, including the Debtor's interests in the Purchased Assets, as defined in the APA, defined below (the "Canal Assets") to Thalle Industries Inc. (the "Purchaser") pursuant to the Asset Purchase Agreement among the Debtor, Gaia Development, LLC ("Gaia") and the Purchaser, a copy of which is attached to the Sale Motion, as modified on the record of the Sale Hearing, defined below (the "APA"), free and clear of all liens, claims, encumbrances and interests therein and thereon of any kind or nature except as expressly provided in the APA (collectively, "Liens and Claims"), and (ii) granting such other related relief as is just and proper; and there being due and sufficient notice of the Sale Motion and the hearing thereon; and upon each of the objections to, and pleadings in support of, the Sale Motion; and upon the Debtor's reply to the objections to the Sale Motion; and upon the record of the hearing held by the Court on the Sale Motion on August 27, 2015 (the "Sale Approval Hearing");

and after due deliberation and sufficient cause appearing therefor, and in addition to the Court's findings and conclusions set forth at the end of the Sale Hearing,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.  This Court has jurisdiction to decide the Motion pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b).  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

B.  Adequate and sufficient notice of the Sale Motion has been provided, and no other or further notice is or shall be required.

C.  The sale of the Canal Assets as contemplated in the Sale Motion and the APA (the "Sale Transaction") was negotiated at arm's length without collusion or fraud and in good faith within the meaning of sections 363(m) and (n) of the Bankruptcy Code.

D.  The Purchaser is not, and is not holding itself out to the public as, a continuation of the Debtor and shall not be deemed as such as a result of the Sale Transaction; nor is it an "insider" or "affiliate" of the Debtor (as those terms are defined in the Bankruptcy Code. There is no common identity of owners, officers or directors between the Debtor and the Purchaser, and all payments to be made by the Purchaser in connection with the Sale Transaction and the APA have been disclosed.  Neither the Debtor nor the Purchaser has engaged in any conduct that would cause or permit the Sale Transaction to be avoided or costs or damages imposed under section 363(n) of the Bankruptcy Code.

E. The Sale Transaction is supported by sound business reasons and is warranted notwithstanding that the Canal Assets constitute the majority of the Debtor's assets and are proposed to be sold outside of a chapter 11 plan. The Debtor is unable to operate the Canal Assets at this time and unlikely to do so in the future; accordingly, they are depreciating assets that should be promptly sold for the highest or best available price. The Debtor has adequately marketed the Canal Assets and the Sale Transaction represents the highest and best offer for the Canal Assets, and, accordingly, the Sale Transaction is in the best interests of the Debtor's estate and creditors. The Sale Motion, to the extent granted herein, is supported by the Debtor's secured creditors and largest unsecured creditors. Two objections, by Peckham and Pro Materials, were made primarily in such parties' capacity as potential competing bidders for the Canal Assets, but neither objector has established any serious issue with respect to the marketing of the Canal Assets or the fairness of the sale process, nor has either objector made a higher or better offer or even an indicative proposal, subject to further due diligence, that is higher or better than the Sale Transaction. The other three objections have either been resolved on the terms of this Order or should be overruled based on the additional information submitted by the Debtor in its reply and at the Sale Hearing.

F. The consideration to be provided by the Purchaser under the APA is fair and reasonable.

G. The transfer of the Debtor's interests in the Canal Assets to the Purchaser under the APA will be a legal, valid and effective transfer of such interests and, except as otherwise provided therein, will vest the Purchaser with all right, title and interest of the Debtor in and to the Canal Assets free and clear of any and all Liens and Claims, including, but not limited, to debts relating to successor liability, transferee liability, tax liability, labor claims, employment claims, pension claims, restrictions on transfer, claims arising out of or relating to any collective bargaining agreement or other applicable State or Federal law, whether imposed by agreement, understanding, law, equity or otherwise, whether secured or unsecured, known or unknown, choate or inchoate, filed or unfiled, scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, perfected or unperfected, allowed or disallowed, contingent or non-contingent, liquidated or unliquidated, matured or un-matured, material or non-material, disputed or undisputed.

H. The Debtor may sell its interest in the Canal Assets free and clear of all Liens Claims because one or more of the standards set forth in section 363(f) of the Bankruptcy Code has been satisfied.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The findings and conclusions set forth herein are incorporated by reference and shall be deemed to be an order of this Court. This Court's oral findings of fact and conclusions of law made at the Sale Approval Hearing are further incorporated herein by reference. All objections to the Sale Motion that have not been withdrawn, waived or settled and all reservations of rights included in such objections are overruled except to the extent reflected in this Order.

3. Pursuant to section 363(b) of the Bankruptcy Code, the Debtor is authorized to consummate the Sale Transaction pursuant to and in accordance with the terms and conditions set forth in the Sale Motion, the APA and this Order.

4. Pursuant to §§ 365(b) and 365(f) of the Bankruptcy Code, the Debtor is authorized to assign to Purchaser any and all licenses and permits necessary for the operation of the Debtor's business as required by the APA. There are no cure obligations in respect of such licenses and permits for purposes of section 365 of the Bankruptcy Code.

5. Pursuant to section 363(f) of the Bankruptcy Code, the Debtor's interests in the Canal Assets shall be transferred to the Purchaser free and clear of all Liens and Claims, with all such Liens and Claims to attach to the proceeds of the Sale Transaction in the same amount and order of priority, and with the same validity, force and effect, and subject to the same defenses as they had immediately before the closing of the Sale Transaction. All Liens and Claims in or against the Canal Property shall be deemed released, terminated and discharged upon the closing of the Sale Transaction, and all holders of such Liens and Claims shall be forever barred and permanently enjoined from asserting any Liens and Claims against Purchaser, its affiliates, insiders, officers, directors, equity holders, successors and/or assigns or any of their real or personal property, including but not limited to the Canal Assets conveyed in connection with the APA and the Sale Transaction.

6. The Purchaser is hereby authorized to file a copy of this Order in any filing office. This Order shall be sufficient to evidence the termination of any Lien and Claim against the assets of the Debtor conveyed pursuant to this Order and the APA.

7. Assuming that the Purchaser closes the Sale Transaction, the Purchaser shall be afforded all of the protections provided in section 363(m) of the Bankruptcy Code as a good faith purchaser.

8.  Except as otherwise provided herein, including paragraphs 9 - 12 hereof, the proceeds from the sale of the Canal Assets, shall be deposited and maintained by Debtor's counsel in a single separate, segregated non-interest bearing attorney escrow account located in a depository authorized by the United States Trustee for the Southern District of New York (and not commingled with any other assets of the Debtor) from which no disbursement or withdrawal shall be made except upon order of the Court entered after reasonable notice and an opportunity to be heard has been given to parties-in-interest.

9.  The Debtor is authorized to pay all costs (except legal fees attributable to the Debtor's professionals) incidental to the closing of the Sale Transaction, including title-related costs but not including such costs as they relate to the sale of any non-Debtor property; provided, that such costs relating to the Gaia property may be paid from the Gaia Escrow, defined below.

10.  The Debtor is authorized, but not directed, to release proceeds of the Sale Transaction at the closing to pay the undisputed allowed amount of the secured claim held by New Flow LLC ("New Flow").  Notwithstanding the above, any payment to New Flow shall be made without prejudice to the estate's rights under chapter 5 of the Bankruptcy Code, including, without limitation, section 550 of the Bankruptcy Code.

11. The Debtor is directed to file an application, on notice to all creditors and parties-in-interest, to obtain Court approval of the Sale Motion's proposed allocation of the Purchase Price under the APA as between the Debtor and Gaia and to determine the fairness of the allocation of consideration to be paid under the Consulting Agreement described in the Sale Motion, which motion shall be scheduled, if at all possible, prior to the closing of the Sale Transaction. The distribution of the Sale Proceeds under the APA to be paid to Gaia in the amount of $1,200,000 (the "Gaia Escrow") shall be deposited in a segregated escrow account maintained by counsel for the Debtor pending further order of the Court.  Notwithstanding the above, the Debtor is authorized to release a portion of the Gaia Escrow to satisfy any undisputed non-insider secured claims against the Gaia Property.

12. At the Closing, the Debtor shall satisfy, in whole or in part, the allowed, undisputed claims of non-insider secured creditors with undisputed liens against the Canal Assets. The Debtor shall file a schedule of all payments made at the Closing within ten (10) days of the Closing.

13. The Sale Motion's request for authorization to transfer the Sale proceeds with the protection afforded under section 1146(c) of the Bankruptcy Code is denied, without prejudice to the Debtor's right to seek authorization for section 1146(c) of the Bankruptcy Code protection in the event the transfer of the Canal Assets is to be made under a chapter 11 plan confirmed under § 1129 of the Bankruptcy Code.

14. This Order is and shall be binding upon and govern the acts of all parties, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials and all other persons who may be required, by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title; and each of the foregoing persons is directed to accept for recordation, filing, issuing, processing, transfer or assignment all of the documents necessary and appropriate to consummate the Sale Transaction which also includes the permitted operation of the Canal Assets.

15. Each and every federal, state and governmental agency or department, and any other person or entity, is hereby authorized to accept this Order as sufficient approval, authority and directive to consummate the Sale Transaction, including but not limited to the processing, transfer, assignment and/or issuance of any State, Federal or local agency permit or license necessary for the operation of the Canal Assets.

16. The Canal Assets are being sold "as is" and "where is" without any representation, covenant, guaranty or warranty of any kind or nature whatsoever, except as expressly stated in the APA.

17. The Debtor and the Purchaser, as well as their respective officers, employees, and agents, are hereby authorized to take any and all actions and/or execute any and all documents that may be reasonably necessary or desirable to consummate the transactions contemplated by the APA and this Order.

8

18. All secured creditors are hereby directed to cooperate with the Debtor and Purchaser in connection with the effectuation of this Order, the consummation of the APA and the Sale Transaction, including but not limited to the delivery of documents suitable for recording indicating the satisfaction and/or release of liens on the Canal Assets and the Gaia Property, UCC-3 termination statements and payoff documents.

19. Except with respect to enforcing the terms of the APA or this Order, no person shall take any action to prevent, enjoin or otherwise interfere with the consummation of the Sale Transaction including the transfer to the Purchaser of the Debtor's interest in the Canal Assets and Purchaser's right to use, operate and enjoy same.

20. Nothing in this Order or the APA shall (i) require the Purchaser to continue or maintain in effect, or assume any liability in respect of any employee pension, welfare, fringe benefit or any other benefit plan, trust arrangement or other agreements to which the Debtor is a party or has any responsibility therefor, including, without limitation, medical, welfare and pension benefits payable after retirement or other termination of employment, (ii) require the Purchaser to assume any responsibility as a fiduciary, plan sponsor or otherwise, for making any contribution to, or in respect of the funding, plan sponsor or otherwise, for making any contribution to, or in respect of the funding, investment or administration of any employee pension plan or the termination of any such plan, or (iii) deem the Purchaser a member of the Debtor's "control group" within the meaning of The Employee Retirement Income Security Act of 1974 (ERISA).

21. This Order shall inure to the benefit of the Purchaser, the Debtor, and their respective successors and assigns, including but not limited to any chapter 11 or chapter 7 trustee that may be appointed in the Debtor's chapter 11 case, and shall be binding upon any trustee, party, entity or fiduciary that may be appointed in connection with this case or any other or further case involving the Debtor, whether under chapter 7 or chapter 11 of the Bankruptcy Code.

22. This Order shall not be modified by any chapter 11 plan confirmed in this Chapter 11 case or subsequent order of this Court unless expressly consented to in writing by the Purchaser and the terms hereof shall remain in full force and effect in the event of a dismissal of the Debtor's bankruptcy case.

23. To the extent that the terms of this Order and the APA or exhibits thereto conflict, the terms of this Order shall control.

24. Notwithstanding anything to the contrary in sections 6004 or 6006 of the Bankruptcy Code or otherwise, this Order shall be effective and enforceable immediately upon entry and shall not be stayed. The Debtor and the Purchaser are authorized to complete the Sale Transaction immediately upon entry of this Order.

25. This Order is a final order within the meaning of 28 U.S.C. § 158(a).

26. This Court shall retain jurisdiction with respect to all matters arising out of or relating to this Order, the Sale Motion, the APA and the Sale Transaction.

Dated: White Plains, New York
      September 1, 2015

                                        /s/ Robert D. Drain
                                      United States Bankruptcy Judge